a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GARMONYOU D. WILES,<br>Petitioner | CIVIL ACTION NO. 1:20-CV-953-P |
| VERSUS | JUDGE JOSEPH |
| DEPARTMENT OF HOMELAND SECURITY,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Garmonyou D. Wiles ("Wiles"). Wiles is a detainee in the custody of the Department of Homeland Security ("DHS") and Bureau of Immigration and Customs Enforcement ("ICE"), detained at the LaSalle Correctional Center in Jena, Louisiana.

Because this Court lacks jurisdiction over Wiles's claims, the Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

### I. Background

Wiles seeks his release from ICE custody because he is a United States citizen and should not be removed. ECF No. 1 at 6. Wiles also asks that his criminal conviction in the United States District Court for the Eastern District of Pennsylvania be vacated.

### II. Law and Analysis

In May 2005, Congress passed the REAL ID Act, which "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal

orders." *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005); *Perry v. Barr*, 4:19-CV-1302, 2019 WL 6255330, at *3 (S.D. Tex. Nov. 22, 2019). Pursuant to the Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." 8 U.S.C. § 1252(a)(5); *Shah v. Dir., Jackson Par. Correctional Ctr.*, 3:19-CV-1164, 2019 WL 4254139, at *2 (W.D. La. Sept. 6, 2019).

Because Wiles challenges his detention based on his citizenship and the validity of the order of removal, the REAL ID Act divests this Court of jurisdiction over his Petition. Therefore, dismissal of Wiles's Petition without prejudice is the appropriate remedy. *See Philius v. McAleenan*, 19-CV-701, 2019 WL 4134287, at *1 (W.D. La. Aug. 29, 2019); *Segura-Mundo v. Hudson*, 09-CV-1717, 2009 WL 10711802, at *4 (S.D. Tex. Nov. 30, 2009).

Likewise, the Court lacks jurisdiction over Wiles's motion to vacate his sentence. A motion to vacate must be filed in the sentencing court under 28 U.S.C. § 2255. *See Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citing *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). A § 2241 petition may only be used to challenge the validity of a federal sentence and conviction if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A petitioner bears the burden of proving the inadequacy of § 2255. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

Wiles recently filed a motion to vacate under § 2255 in the court of conviction, and that motion is currently pending. *See United States v. Wiles,* 2:17-CR-0242 (E.D. Penn.), ECF No. 41. Because the motion is pending and has not been denied, Wiles cannot show that § 2255 is inadequate or ineffective. *See Senegal v. Warden*, 1:17-CV-806-P, 2017 WL 3881815, at *2 (W.D. La. Aug. 7, 2017), *report and recommendation adopted*, 1:17-CV-806-P, 2017 WL 3881130 (W.D. La. Sept. 1, 2017) (citing *Pearson v. Carvajal*, No. 1:13-CV-822, 2013 WL 3778956, at *1 (W.D. La. July 17, 2013); *Puff v. Martin*, No. 1:11-CV-600, 2011 WL 6327934, at *1 (E.D. Tex. Nov. 15, 2011), *report and recommendation adopted*, No. 1:11-CV-600, 2011 WL 6327645 (E.D. Tex. Dec. 14, 2011); *McIntosh v. Martin*, No. 1:11-CV-550, 2011 WL 6327247, at *1 (E.D. Tex. Nov. 14, 2011), *report and recommendation adopted*, No. 1:11-CV-550, 2011 WL 6326748 (E.D. Tex. Dec. 15, 2011) (because petitioner's § 2255 motion is still pending, he clearly has another remedy to attack his underlying criminal conviction and test the legality of his detention); *Booth v. Bragg*, No. EP-08-CR-268, 2008 WL 4082263, at *1 (W.D. Tex. Aug. 28, 2008)).

III. <u>Conclusion</u>

Because this Court lacks jurisdiction over Wiles's claims, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof,

unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Wednesday, September 9, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE